**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALEXANDRA HAASE**, on behalf of herself and all others similarly situated, | ) ) | Case No. |
| | ) | Judge |
| Plaintiff, | ) ) | |
| | ) | |
| vs. | ) ) | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **CAMERON MITCHELL RESTAURANTS, LLC**, | ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | | |

Representative Plaintiff Alexandra Haase ("Representative Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Defendant Cameron Mitchell Restaurants, LLC ("Defendant"), states as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), Article II § 34a of the Ohio Constitution, and Ohio Revised Code § 4113.15.

2. Representative Plaintiff brings this case as a collective action on behalf of herself and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the "Putative Collective").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and on behalf of other similarly situated persons who have factually related claims under the Ohio Constitution and Ohio law (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Representative Plaintiff's claims occurred in this District and Division.

## PARTIES

7.     Representative Plaintiff is an adult individual residing in Dublin, Ohio (Franklin).

8.     Within the three years preceding the filing of this Action, Representative Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

9.     At all relevant times, Representative Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and under Ohio law.

10.    Defendant Cameron Mitchell Restaurants, LLC is an Ohio for-profit limited liability company that can be served through its Ohio registered statutory agent: Acme Agent, Inc., 41 South High Street #2800, Columbus, Ohio 43215 (Franklin County).

11.    At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.    At all relevant times, Representative Plaintiff, the Putative Collective, and the Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTS

13.    Defendant owns and operates various restaurants in Ohio.

14.    Defendant employs servers to provide services to its restaurant patrons.

15.    Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members were employed as servers at Defendant's restaurants within the last three years.

16.    Representative Plaintiff was employed as a server at one of Defendant's restaurants (Cap City Fine Diner and Bar in Franklin County, Ohio) within the last three years.

17.    Defendant pays its servers, including Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members at an hourly rate below minimum wage.

18.    By paying Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members less than the minimum wage per hour, Defendant is taking advantage of a tip credit which allows employers to count a portion of the amount servers receive as tips towards Defendant's obligation to pay tipped employees a minimum wage.

19.    However, Defendant maintains a policy and practice whereby servers are required, during their regular shifts, to perform non-tip producing "side work" unrelated to the servers' tipped occupation, as well as non-tip producing side work related to the servers' tipped occupation.

20.    Specifically, Defendant maintains a policy and practice whereby servers are required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to, performing opening and closing duties, general cleaning of the restaurant, refilling sauces and condiments, rolling silverware and clearing tables.

21.    While Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members were performing non-tip producing side work, Defendant continued to pay Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members less than minimum wage and relied on the tip credit to meet Defendant's obligation to pay Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members minimum wage.

22.     Defendant's policy and practice of paying Representative Plaintiff, the Putative Collective Members, the Ohio Class Members the tipped minimum wage (or less than the allowed tipped minimum wage) while they were performing non-tip producing work violated the FLSA and the Ohio law.

23.     As such, Representative Plaintiff, the Putative Collective Members, and the Ohio Class Members were not compensated appropriately at the minimum wage mandated by the FLSA and Ohio law.

24.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law.

25.     The unpaid wages to which Representative Plaintiff and the Ohio Class are entitled have remained unpaid for more than thirty days beyond the regularly scheduled payday.

## COLLECTIVE ACTION ALLEGATIONS

26.     Representative Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

27.     The collective that Representative Plaintiff seeks to represent and for whom Representative Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Representative Plaintiff is also a member, is composed of and defined as follows:

> **All current and former servers employed by Defendant were paid at or below the tipped minimum wage at any time during the three (3) years preceding the date of the filing of this Action through final disposition of this matter**.

28.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Representative Plaintiff, numerous current and former employees are

similarly situated with regard to their claims for unpaid wages and damages. Representative Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

29.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

30.     Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31.     Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former servers employed by Defendant who were paid at or below the tipped minimum wage at any time during the three (3) years preceding the date of the filing of this Action through final disposition of this matter.**

32.     The Class is so numerous that joinder of all Ohio Class Members is impracticable. Representative Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of in excess of 50 people.

33.     The Ohio Class Members are readily ascertainable. The number and identity of the Ohio Class Members are determinable from Defendant' records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendant's

records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23.

34. Representative Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

35. All the Ohio Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay wages, including minimum wages.

36. Representative Plaintiff and the Ohio Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with Article II § 34a of the Ohio Constitution and Ohio Revised Code § 4113.15.

37. Representative Plaintiff and the Ohio Class Members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected all Ohio Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class Members.

38. Representative Plaintiff and other Ohio Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

39. Representative Plaintiff is able to fairly and adequately protect the interests of the Ohio Class Members and has no interests antagonistic to the Ohio Class Members.

40. Representative Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many representative plaintiffs and classes in wage and hour cases.

41.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Ohio Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

42.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

43.     Because the losses, injuries, and damages suffered by each of the individual Ohio Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Ohio Class Members to redress the wrongs done to them.

44.     On the other hand, important public interests will be served by addressing the matter as a class action.

45.     The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

46.     The prosecution of separate actions by individual Ohio Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Ohio Class Members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Ohio Class Members' rights and the disposition of their interests through actions to which they were not parties.

47. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

48. This action is properly maintainable as a class action under Civ. R. 23.

49. Common questions of law and fact exist as to the Ohio Class Members that predominate over any questions only affecting Representative Plaintiff and the Ohio Class Members individually and include, but are not limited to, the following:

(a) Whether Defendant violated Article II § 34a of the Ohio Constitution and Ohio Revised Code § 4113.15;

(b) Whether Defendant paid Representative Plaintiff and the Ohio Class Members at the proper minimum wage for all hours worked; and,

(c) Whether Defendant failed to pay all wages due to Representative Plaintiff and the Ohio Class Members within 30 days of their regularly scheduled payday.

## COUNT ONE
### (FLSA Minimum Wage Violations)

50. Representative Plaintiff, on behalf of herself and the Putative Collective Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

52. At all times relevant, Representative Plaintiff and the Putative Collective Members have been employees of Defendant, and Defendant has been an employer of Representative Plaintiff and the Putative Collective Members within the meaning of the FLSA.

53. At all times relevant, Representative Plaintiff and the Putative Collective Members have been covered by the FLSA.

54. Defendant failed to pay Representative Plaintiff and the Putative Collective Members the minimum hourly wages to which they are entitled under 29 U.S.C. § 206.

55. Defendant was not eligible to avail itself of the tipped minimum wage rate under the FLSA, because Defendant required Representative Plaintiff and the Putative Collective Members to perform a substantial amount of dual job duties and side work. During these periods, Defendant compensated Representative Plaintiff and the Putative Collective Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by the FLSA.

56. Due to Defendant's violations of the FLSA, Representative Plaintiff and Putative Collective Members are entitled to recover from Defendant their unpaid minimum wages, liquidated damages equal in amount to the unpaid wages owed within three (3) years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees and costs.

## COUNT TWO
### Article II § 34a of the Ohio Constitution – Unpaid Minimum Wages
**(Brought on behalf of Representative Plaintiff and the Ohio Class Members)**

57. Representative Plaintiff, on behalf of herself and the Ohio Class Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendant has engaged in a widespread pattern, policy, and practice of violating Article II § 34a of the Ohio Constitution, as detailed in this Class Action Complaint.

59. At all times relevant, Representative Plaintiff and the Ohio Class Members have been employees of Defendant, and Defendant has been an employer of Representative Plaintiff and the Ohio Class Members within the meaning of Article II § 34a of the Ohio Constitution.

60. At all times relevant, Representative Plaintiff and the Ohio Class Members have been covered by Article II § 34a of the Ohio Constitution.

61.     Defendant failed to pay Representative Plaintiff and the Ohio Class Members the minimum hourly wages to which they are entitled under Article II § 34a of the Ohio Constitution.

62.     Defendant was not eligible to avail itself of the tipped minimum wage rate under Article II § 34a of the Ohio Constitution because Defendant required Representative Plaintiff and the Ohio Class Members to perform a substantial amount of dual job duties and side work. During these periods, Defendant compensated Representative Plaintiff and the Ohio Class Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by Article II § 34a of the Ohio Constitution.

63.     Due to Defendant's violations of Article II § 34a of the Ohio Constitution, Representative Plaintiff and Ohio Class Members are entitled to recover from Defendant their unpaid minimum wages, an additional amount equal two times the amount of back wages owed within two years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Representative Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A.  Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C.  Enter judgment against Defendant and in favor of Representative Plaintiff, the Ohio Class, and the Putative Collective;

D.  Award Plaintiff, the Putative Collective, and Ohio Class actual damages for unpaid wages;

E.  Award Plaintiff and the Putative Collective additional damages in an amount equal to the amount of unpaid wages;

F.  Award Plaintiff and the Ohio Class additional damages equal to two times the amount of unpaid wages;

G.  Award Plaintiff and the Ohio Class liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Ohio Class Member, whichever is greater;

H.  Award Plaintiff, the Putative Collective, and Ohio Class pre-judgment and post-judgment interest at the statutory rate;

I.  Award Plaintiff, the Putative Collective, and Ohio Class Plaintiff attorneys' fees, costs, and disbursements; and

J.  Award Plaintiff, the Putative Collective, and Ohio Class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
7034 Braucher, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email:   sdraher@ohlaborlaw.com

Robi J. Baishnab (0086195)
1360 East 9th Street, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2944
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Shannon M. Draher*

*Counsel for Representative Plaintiff*