# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA HAASE, | : |
|     Plaintiff, | : Case No. 2:23-cv-01316-MHW-KAJ |
| v. | : Judge Michael A. Watson |
| CAMERON MITCHELL RESTAURANTS, LLC, | : Magistrate Judge Kimberly A. Jolson |
|     Defendant. | : |

**DEFENDANT CAMERON MITCHELL RESTAURANTS LLC'S
ANSWER TO PLAINTIFF'S AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT**

Defendant Cameron Mitchell Restaurants, LLC ("CMR") responds to Plaintiff Alexandra Haase's Amended Class and Collective Action Complaint ("Complaint") as follows:

## AS TO INTRODUCTION

1. CMR makes no response to the allegations in paragraph 1 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

2. CMR makes no response to the allegations in paragraph 2 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

3. CMR makes no response to the allegations in paragraph 3 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

**AS TO JURISDICTION AND VENUE**

4. CMR makes no response to the allegations in paragraph 4 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

5. CMR makes no response to the allegations in paragraph 5 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

6. CMR admits that venue is appropriate for the claims over which this Court has jurisdiction. CMR denies the remaining allegations in paragraph 6 of the Complaint.

**AS TO PARTIES**

7. CMR denies knowledge or information sufficient to ascertain the truth of the allegations in paragraph 7 of the Complaint.

8. CMR admits the allegations in paragraph 8 of the Complaint and avers that CMR employed Plaintiff from on or about November 18, 2019 to on or about April 11, 2022 and that Plaintiff's consent to join form speaks for itself.

9. CMR makes no response to the allegations in paragraph 9 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

10. CMR admits the allegations in paragraph 10 of the Complaint.

11. CMR makes no response to the allegations in paragraph 11 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

12. CMR makes no response to the allegations in paragraph 12 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

## AS TO FACTUAL ALLEGATIONS

13. CMR admits the allegation in paragraph 13 of the Complaint that it owns distinct restaurant brands in Ohio. CMR denies the remaining allegations in paragraph 13 of the Complaint.

14. CMR admits Plaintiff was employed as a server at Cap City Fine Diner and Bar in Ohio. CMR further states that its distinct restaurant brands employed servers to provide services to patrons. CMR denies the remaining allegations in paragraph 14 of the Complaint.

15. CMR admits Plaintiff was employed as a server at Cap City Fine Diner and Bar within the three years preceding this lawsuit and avers that CMR employed Plaintiff from on or about November 18, 2019 to on or about April 11, 2022. CMR denies the remaining allegations in paragraph 15 of the Complaint.

16. CMR admits the allegations in paragraph 16 of the Complaint.

17. CMR admits that Plaintiff was paid an hourly rate and avers that, when combined with the tips Plaintiff received, such rate equaled or exceeded minimum wage. CMR denies the remaining allegations in paragraph 17 of the Complaint.

18. CMR admits that Plaintiff was paid an hourly rate and avers that, when combined with the tips Plaintiff received, such rate equaled or exceeded minimum wage. Further answering, CMR avers that it properly utilized a tip credit in accordance with applicable law. CMR denies the remaining allegations in paragraph 18 of the Complaint

19. CMR admits that Plaintiff performed various duties as a server at Cap City Fine Diner and Bar, including side work. CMR denies the remaining allegations in paragraph 19 of the Complaint.

20. CMR denies the allegations in paragraph 20 of the Complaint.

21. CMR denies the allegations in paragraph 21 of the Complaint.

22. CMR admits Plaintiff was paid an hourly rate and avers that, when combined with the tips Plaintiff received, such rate equaled or exceeded minimum wage. Further answering, CMR avers that it properly utilized a tip credit in accordance with applicable law. CMR denies the remaining allegations in paragraph 22 of the Complaint.

23. CMR denies the allegations in paragraph 23 of the Complaint.

24. CMR makes no response to the allegations in paragraph 24 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

25. CMR denies the allegations in paragraph 25 of the Complaint.

26. CMR denies the allegations in paragraph 26 of the Complaint.

27. CMR denies the allegations in paragraph 27 of the Complaint.

28. CMR denies the allegations in paragraph 28 of the Complaint.

29. CMR denies the allegations in paragraph 29 of the Complaint.

## AS TO COLLECTIVE ACTION ALLEGATIONS

30. CMR makes no response to the allegations in paragraph 30 of the Complaint as they are Plaintiff's characterization of the case. To the extent a response is required, CMR denies that there exists any basis in law or fact for Plaintiff's claims against CMR and denies that the case is appropriate for class or collective adjudication.

31. CMR makes no response to the allegations in paragraph 31 of the Complaint as they are Plaintiff's characterization of the case. To the extent a response is required, CMR denies that there exists any basis in law or fact for Plaintiff's claims against CMR and denies that the case is appropriate for class or collective adjudication.

32. CMR denies the allegations in paragraph 32 of the Complaint and denies that the case is appropriate for class or collective adjudication.

33. CMR avers that it has records containing the names of its current and former employees during the three years prior to the filing of this lawsuit. CMR denies the remaining allegations in paragraph 32 of the Complaint. Further responding, CMR denies that there exists any basis in law or fact for Plaintiff's claims against CMR and denies that the case is appropriate for class or collective adjudication.

## AS TO CLASS ACTION ALLEGATIONS

34. CMR repeats and realleges each of the allegations in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

35. CMR makes no response to the allegations in paragraph 35 of the Complaint as they are Plaintiff's characterization of the case. To the extent a response is required, CMR denies that there exists any basis in law or fact for Plaintiff's claims against CMR and denies that the case is appropriate for class or collective adjudication.

36. CMR denies the allegations in paragraph 36 of the Complaint and denies that the case is appropriate for class or collective adjudication.

37. CMR avers that it has records containing the names and addresses of its current and former employees, as well as their hours worked, positions held, and hourly rates, during the three years prior to the filing of this lawsuit. CMR denies the remaining allegations in paragraph 37 of

the Complaint. Further responding, CMR denies that there exists any basis in law or fact for Plaintiff's claims against CMR and denies that the case is appropriate for class or collective adjudication.

38. CMR denies the allegations in paragraph 38 of the Complaint and denies that the case is appropriate for class or collective adjudication.

39. CMR denies the allegations in paragraph 39 of the Complaint and denies that the case is appropriate for class or collective adjudication.

40. CMR denies the allegations in paragraph 40 of the Complaint and denies that the case is appropriate for class or collective adjudication.

41. CMR denies the allegations in paragraph 41 of the Complaint and denies that the case is appropriate for class or collective adjudication.

42. CMR denies the allegations in paragraph 42 of the Complaint and denies that the case is appropriate for class or collective adjudication.

43. CMR denies the allegations in paragraph 43 of the Complaint and denies that the case is appropriate for class or collective adjudication.

44. CMR denies knowledge or information sufficient to ascertain the truth of the allegations in paragraph 44 of the Complaint.

45. CMR denies the allegations in paragraph 45 of the Complaint and denies that the case is appropriate for class or collective adjudication.

46. CMR denies the allegations in paragraph 46 of the Complaint and denies that the case is appropriate for class or collective adjudication.

47. CMR denies the allegations in paragraph 47 of the Complaint and denies that the case is appropriate for class or collective adjudication.

48. CMR denies the allegations in paragraph 48 of the Complaint and denies that the case is appropriate for class or collective adjudication.

49. CMR denies the allegations in paragraph 49 of the Complaint and denies that the case is appropriate for class or collective adjudication.

50. CMR denies the allegations in paragraph 50 of the Complaint and denies that the case is appropriate for class or collective adjudication.

51. CMR denies the allegations in paragraph 51 of the Complaint and denies that the case is appropriate for class or collective adjudication.

52. CMR denies the allegations in paragraph 52 of the Complaint and denies that the case is appropriate for class or collective adjudication.

53. CMR denies the allegations in paragraph 53 of the Complaint, including all subparts, and denies that the case is appropriate for class or collective adjudication.

## AS TO COUNT ONE

54. CMR repeats and realleges each of the allegations in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

55. CMR denies the allegations in paragraph 55 of the Complaint.

56. CMR admits that it employed Plaintiff and avers that CMR employed Plaintiff from on or about November 18, 2019 to on or about April 11, 2022. CMR makes no response to the remaining allegations in paragraph 52 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

57. CMR makes no response to the allegations in paragraph 53 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

58. CMR denies the allegations in paragraph 58 of the Complaint.

59. CMR denies the allegations in paragraph 59 of the Complaint.

60. CMR denies the allegations in paragraph 60 of the Complaint.

## AS TO COUNT TWO

61. CMR repeats and realleges each of the allegations in the preceding paragraphs and incorporates them by reference as if fully set forth herein.

62. CMR denies the allegations in paragraph 62 of the Complaint.

63. CMR admits that it employed Plaintiff and avers that CMR employed Plaintiff from on or about November 18, 2019 to on or about April 11, 2022. CMR makes no response to the remaining allegations in paragraph 63 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

64. CMR makes no response to the allegations in paragraph 64 of the Complaint as they are legal conclusions to which no response is required, except denies that there exists any basis in law or fact for Plaintiff's claims against CMR.

65. CMR denies the allegations in paragraph 65 of the Complaint.

66. CMR denies the allegations in paragraph 66 of the Complaint.

67. CMR denies the allegations in paragraph 67 of the Complaint.

68. CMR denies each and every allegation of the Complaint not specifically admitted to be true.

## AS TO PRAYER FOR RELIEF

CMR avers that Plaintiff purports to seek the relief referred to in the WHEREFORE paragraph of the Complaint but denies that Plaintiff is entitled to any of the relief set forth therein.

## DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. The claims of putative members of the class and the collective are barred by the applicable statutes of limitations under the FLSA and Ohio law to the extent that the claims involved work performed outside the pertinent limitations periods.

3. CMR did not operate as a single integrated enterprise under the FLSA.

4. CMR acted in good faith and not in a willful manner, rendering the FLSA's two-year statute of limitations applicable, rather than the three-year statute of limitations that applies to willful violations.

5. CMR properly paid Plaintiff and its other servers in compliance with all applicable laws and regulations.

6. Claims under the FLSA are not subject to pre-judgment interest. In the alternative, pre-judgment interest is not available in addition to liquidated damages.

7. The U.S. Department of Labor's "80/20 Rule" and "80/20/30 Rule" upon which Plaintiff relies is contrary to the FLSA and, thus, invalid.

8. The "80/20 Rule" and "80/20/30 Rule" are arbitrary and capricious and, thus, invalid.

9. The "80/20 Rule" is a substantive rule of conduct, not a mere interpretation, and thus is invalid under the Administrative Procedure Act due to the Department of Labor's failure to engage in notice-and-comment rulemaking to implement the rule.

10. The "80/20 Rule" and the "80/20/30 Rule" violate constitutional separation of powers because these rules constitute improper legislative activity by the Executive Branch in violation of the exclusive authority of Congress to legislate under Article I of the United States Constitution.

11. The "80/20 Rule" and the "80/20/30 Rule" provide insufficient guidance regarding what conduct satisfies and does not satisfy its requirements, and thus are void for vagueness in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. In the alternative, declaring sufficiently clear substantive standards in this case and then applying the "80/20 Rule" or the "80/20/30 Rule" retroactively would violate Due Process.

12. Plaintiff's claims, and the claims of the putative members of the class, are barred by the doctrines of accord and satisfaction, payment, waiver, estoppel, unclean hands, laches, and/or after-acquired evidence.

13. This case does not satisfy the requirements for proceeding as a collective action under the FLSA. Plaintiff is not similarly situated to other individuals.

14. This case does not satisfy the requirements for proceeding as a class action under Ohio law. Among other things, there are no common questions of law, Plaintiff's claims are not typical of those of the class she seeks to represent, Plaintiff is not an adequate class representative, and a class action is not a fair and efficient method for adjudicating these claims.

15. Allowing this case to proceed on a collective or class action basis without permitting CMR to present evidence and defenses specific to each member of a class would deny CMR its right to Due Process under the Fifth Amendment to the United States Constitution.

16. Allowing this case to proceed on a collective or class action basis in a manner that does not allow CMR the opportunity to present its defenses in a full and fair manner consistent with Due Process would violate the Seventh Amendment to the United States Constitution either by depriving CMR of a meaningful trial by jury or by violating the Reexamination Clause.

17. Any award to Plaintiff and/or putative class members must be offset by any monies and/or benefits CMR paid to Plaintiff and/or purported class action members that were not owed.

18. CMR reserves the right to amend this Answer to assert additional defenses that become apparent as the case progresses.

WHEREFORE, CMR respectfully requests judgment dismissing the Complaint in its entirety with prejudice and awarding CMR costs, reasonable attorneys' fees, and such other relief as this Court deems just and proper.

        Respectfully submitted,

        */s/ James G. Petrie*
        James G. Petrie (0059446)
        *Trial Attorney*
        Jill K. Bigler (0083789)
        Christopher T. Page McGinnis (0099165)
        EPSTEIN BECKER GREEN
        250 West Street, Suite 300
        Columbus, OH 43215
        Phone: 614.872.2500
        Facsimile: 614.633.1713
        jpetrie@ebglaw.com
        jbigler@ebglaw.com
        ctpage@ebglaw.com
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024, the foregoing *Defendant Cameron Mitchell Restaurants, LLC's Answer to Plaintiff's Amended Class and Collective Action Complaint* was electronically filed using the Court's CM/ECF system and was automatically served to all counsel of record.

*/s/ James G. Petrie*
James G. Petrie (0059446)

FIRM:58826904