IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRA HAASE, | : | |
| | : | Case No. 2:23-cv-01316-ALM-KAJ |
| Plaintiff, | : | |
| | : | |
| v. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| CAMERON MITCHELL RESTAURANTS, LLC, | : | |
| | : | |
| | : | |

**JOINT MOTION FOR FLSA SETTLEMENT APPROVAL**

Plaintiff Alexandra Haase ("Plaintiff") and Defendant Cameron Mitchell Restaurants ("Defendant") (collectively, the "Parties") respectfully move the Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement ("Settlement"). The Settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations and facilitated by a third-party neutral. The following documents are submitted for the Court's approval:

**Exhibit 1**: Joint Stipulation of Settlement and Release (the "Agreement"), along with its Exhibit A (Claim Form) and Exhibit B (Notice of Settlement);

**Exhibit 2**: Declaration of Robi J. Baishnab ("Baishnab Dec.");

**Exhibit 3**: Declarations from Current Opt-in Plaintiffs; and,

**Exhibit 4**: Proposed Order approving settlement.

In support of this Joint Motion, the Parties state as follows:

**I. STATEMENT OF FACTS**

    **A. Factual and Procedural Background.**

On April 14, 2023, Plaintiff filed her collective and class action Complaint (the "Action"). (ECF #1). In the Action, Plaintiff asserted claims against Defendant, on behalf of herself and others similarly situated under the FLSA and Article II § 34a of the Ohio Constitution. Specifically, the

FIRM:65175170v1

Action alleges that Defendant violated the FLSA and Ohio law by paying Plaintiff and others similarly situated at a tip-credit rate for all time worked, including opening and closing duties that had no relation to tip producing work, and for side work, or tip-supporting work, that exceeded 30 minutes at a time or exceeded 20% or more of the employee's work time. (ECF #1).

On June 9, 2023, Plaintiff filed her amended complaint. (ECF #14). On July 7, 2023, Defendant filed its Motion to Dismiss, denied by this Court on January 2, 2024. (ECF #18 and #31). On January 16, 2024, Defendant filed its Answer in which it denied all liability, and Defendant continues to deny any liability. (ECF #33).

On February 26, 2024, this Court granted the Parties' request to stay the Action pending mediation. (ECF #39). On June 12, 2024, the Parties mediated this matter, resulting in an agreement to settle. (ECF #43, #44).

To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in mediation before a third-party neutral, Anne Marie Estevez. (Baishnab Dec. at ¶ 13). The case was stayed pending the outcome of mediation. (ECF #39).

In preparation for mediation, Defendant produced certain time and pay data for the putative collective. Plaintiffs' Counsel engaged a PhD data scientist to construct a damages model using the produced data, which was shared with the mediator and Defendant's Counsel. The model included toggles (percentage of tip supporting work, liquidated damages, extrapolated weeks), by which negotiated parameters could be adjusted resulting in real-time updates to the overall damages calculations. The model served as a basis of settlement discussions. (Baishnab Dec. at ¶14).

On June 12, 2024, the Parties reached an agreement after a full-day mediation. (ECF #43; Baishnab Dec. at ¶ 15). On June 18, 2024, the Parties consented to the jurisdiction of Magistrate

2

Judge Kimberly A. Jolson. (ECF #46, #47). The terms of the Parties' agreement are embodied in the attached **Exhibit 1**.

    **B.**    **Summary of the Settlement.**

The Settlement includes no more than 765 current and former servers employed by Defendant at one of eight specified restaurant locations at any time from April 13, 2020 to June 30, 2024. (Agreement at ¶ 8).

The total settlement amount is **$500,000.00**, which includes: 1) all Individual Settlement Awards; (2) the Service Award; and (3) Plaintiffs' Counsel's attorneys' fees in the amount of one-third (1/3) of the Global Settlement Fund. (Agreement at ¶ 9). In addition, Defendant will make all required employer contributions with respect to any portions of the Individual Settlement Payments as wages under Internal Revenue Service ("IRS") Form W-2, and these contributions will not be deducted from the Global Settlement Fund. (*Id*. at ¶¶ 9, 41). Defendant will also pay for the cost of settlement administration, which will not be deducted from the Global Settlement fund. (*Id*. at ¶¶ 9, 27).

For purposes of this Settlement only, the Parties consent to Court-facilitated notice to Eligible Settlement Participants under 29 U.S.C. § 216(b) of the FLSA. (*Id*. at ¶ 31). A Notice of Settlement will be sent to the Eligible Settlement Participants, along with a Claim Form to join the Settlement. (*Id*. at ¶¶ 3, 12, 53-54). Those who join the Settlement will become Opt-In Party Plaintiffs and receive settlement payments and, in exchange, they will release the Released Persons from the Released Claims for the Released Period, as outlined in the Agreement. (*Id*. at ¶¶ 13, 21-23).

After deducting the Service Award, attorneys' fees, and litigation costs, the remaining amount will be distributed to Opt-In Party Plaintiffs according to their respective *pro rata* share of

the Net Settlement Fund, calculated by the number of workweeks each Eligible Settlement Participant worked in a tipped pay code. (*Id.* at ¶ 39).

The Settlement provides for a Service Award of **$7,500.00** to Plaintiff in consideration for her substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Participants. (*Id.* at ¶ 33). Plaintiff provided substantial time and effort in communicating with Plaintiffs' Counsel during the prosecution of the Action and negotiations and was available throughout the whole day of mediation. (Baishnab Dec. at ¶ 39). Defendant agrees this request is reasonable and does not oppose it. (Agreement at ¶ 33).

## II. The Court should grant FLSA approval.

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. For the reasons below, Court approval is warranted on all scores.

### A. The Seven-Factor Standard is satisfied.

A court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, 2008 U.S. Dist. LEXIS 51544, at *2, n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928, n.8 (1946)).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13 (E.D. Ky. Oct. 23, 2008).

4

Here, Settlement satisfies each of the seven factors used by the Sixth Circuit when evaluating class/collective action settlements: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir.1983); *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *14).

1. **No indicia of fraud or collusion exists**.

Plaintiffs' Counsel and Defendant's Counsel have extensive experience litigating FLSA claims, including claims for unpaid minimum wages, and each were given the opportunity to assess the merits of the Parties' claims and defenses, as well as the potential damages at issue in this case. The Parties contested the issues early, and Defendant continues to deny any wrongdoing. (Baishnab Dec. at ¶ 16).

Agreement was achieved only after arm's-length, good faith negotiations. (*Id*. at ¶ 15). Moreover, the Settlement was negotiated with an experienced independent mediator, which "virtually insures that the negotiations were conducted at arm's length and without collusion between the parties." *Swigart v. Fifth Third Bank*, No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at *6 (S.D. Ohio July 11, 2014), *citing Bert v. AK Steel Corp.*, No. 1:02-cv-467, 2008 U.S. Dist. LEXIS 111711, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008). And notwithstanding Settlement, the Parties continue to disagree on various issues in the case, including whether any wages are owed, whether there was a minimum wage violation under FLSA or Ohio law, whether a two- or three- year statute of limitations under the FLSA was applicable, whether liquidated damages under the FLSA are recoverable, whether the matter could be maintained on a

collective/class basis, whether Plaintiff would prevail at trial, and what damages, if any, could be proven to a jury. (Baishnab Dec. at ¶ 17). As such, there are no indicia of fraud or collusion.

### 2. The complexity, expense, and likely duration of continued litigation favor approval.

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *Brent v. Midland Funding, LLC,* No. 3:11 CV 1332, 2011 U.S. Dist. LEXIS 98763, at *43 (N.D. Ohio Sep. 1, 2011) (Aug. 17, 2018) ("Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them.") (further citation omitted).

If this case had not settled, the Parties would be required to engage in costly litigation and discovery, such as written discovery, depositions, and even possible site inspections and time-studies. Settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants promptly and efficiently, and amplifies the benefits of that relief through the economies of collective resolution. (Baishnab Dec. at ¶ 18).

### 3. The amount of discovery engaged in by the Parties.

The Parties engaged in substantial investigation and analysis before mediation and while negotiating the Settlement. Specifically, Defendant produced certain time and pay data for the putative collective. Plaintiffs' Counsel engaged a PhD level data scientist to construct a damages model using the produced data. The model included toggles, by which certain parameters/controls could be adjusted and which calculated estimated damages in real-time, including the ability to adjust the estimated percentage of tip supporting work performed over 20% and percentage of liquidated damages. The damages model was shared with the mediator and Defendant's Counsel, and therefore, factored in the Parties' respective risk of loss on their various claims and defenses.

(Baishnab Dec. at ¶ 14). Both sides are represented by competent and skilled wage and hour attorneys. (Baishnab Dec. at ¶¶ 5-12, 16).

During negotiations, Counsel argued vigorously for their respective positions, and disputes remain. Consequently, not only were the factual and legal issues thoroughly investigated, but the potential damages in this case were also thoroughly investigated as well. (*Id.* at ¶ 17).

As detailed in the attached declaration of Robi J. Baishnab, Plaintiffs' Counsel conducted a rigorous risk analysis, which included considerations of factors such as: (1) whether the case could proceed on a collective/class basis; (2) whether Plaintiff would survive a motion for summary judgment; (3) whether Plaintiff would prevail at trial; and (4) damages that may be awarded by a jury. (*Id.* at ¶¶ 17, 20-35).

Thus, the Parties were able to make informed decisions whether Settlement was in the best interest of their respective clients, given the potential damages at issue and the risk of loss. Settlement was the product of well-informed judgments about the adequacy of resolution compared to the risk of continued litigation. (*Id.* at ¶ 35). Accordingly, this factor supports settlement approval.

## 4. The likelihood of success on the merits.

Settlement represents a compromise of disputed claims. Specifically, the Action alleges that Defendant violated the FLSA and Ohio law by not paying the correct minimum wage to its servers. Specifically, the Action alleges that Defendant paid Plaintiff and others similarly situated at a tip-credit rate for all time worked, including opening and closing duties that had no relation to tip producing work, and for side work, or tip-supporting work, that exceeded 30 minutes at a time or exceeded 20% or more of the employee's work time. (ECF #1 and #14; Agreement at ¶ A). On the other hand, Defendant disputes the asserted claims and raised numerous defenses during negotiations. (ECF #33; Agreement at ¶¶ G, 28).

7

Accordingly, if this case did not settle, it is possible that the Opt-In Party Plaintiffs would receive no compensation or, if they did receive compensation, it would be after protracted litigation, likely also involving appeals. By settling the case at this relatively early stage of the litigation, the Parties and Opt-In Party Plaintiffs bypass the inherent risks of litigation and achieve finality on this matter. (Baishnab Dec. at ¶ 37). Accordingly, this factor favors approval of the Settlement.

### 5. The opinion of Plaintiffs' Counsel favors approval.

"The recommendation of Plaintiffs' Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Granada Invs., Inc. v. DWG Corp.*, 823 F. Supp. 448, 453 (N.D. Ohio 1993); and *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *11 (S.D. Ohio Aug. 17, 2018) (citing *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983)).

Here, Plaintiffs' Counsel is highly experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and vigorously advocated in the best interests of the Plaintiff and the other Eligible Settlement Participants. And, as detailed in the attached declaration, based on the calculated EV, Plaintiffs' Counsel is confident that the settlement is fair, reasonable, and in the best interests of the Eligible Settlement Participants. (Baishnab Dec. at ¶¶ 35, 38). Accordingly, this factor favors approval of the settlement.

### 6. The reaction of absent collective members.

Settlement provides clear and easy to understand notice of the settlement and provides for 60 days by which Eligible Settlement Participants can join. (Agreement at ¶ 54) Additionally, unlike Rule 23, participants must affirmatively join, and the Parties have agreed that the Court will retain jurisdiction over performance of the Settlement. (*Id*. at ¶ 66). Plaintiffs' Counsel thoroughly

discussed the Settlement with Plaintiff, who likewise agrees that the Settlement is fair, reasonable, and in the best interests of the Eligible Settlement Participants. (Baishnab Dec. at ¶ 35).

Further, Plaintiff obtained five declarations from current party Plaintiffs, who express that they are happy that this matter is resolved and expect that proceeds will benefit them and their families, and that they urge the Court to approve the Settlement. (*Id.* at ¶ 19; **Exhibit 3**, at ¶¶ 2, 4).

       **7.**    **The public interest**.

"Public policy generally favors settlement of class action lawsuits." *Wright*, 2018 U.S. Dist. LEXIS 140019, at *13 and *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *11 (N.D. Ohio Mar. 26, 2019) (quoting *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Like in *Wright*, "the settlement confers immediate benefits on the Settlement collective, avoids the risks and expense in further litigation, and conserves judicial resources." *Id*.

      **B.**    **The Settlement distributions are fair, reasonable, and adequate**.

In addition to evaluating the seven factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *See e.g.*, *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *15 (N.D. Ohio Mar. 8, 2010); and *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *18 (S.D. Ohio Sep. 9, 2016) (citations omitted).

As Plaintiffs' Counsel represents, the total settlement amount exceeded the range of calculated expected values. (Baishnab Dec. at ¶ 35). Importantly, Judge Posner writing for a Seventh Circuit panel concluded that an EV is the proper method for determining the fairness of a class settlement: "A settlement is fair to the plaintiffs in a substantive sense…if it gives them the expected value of their claim if it went to trial…." *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987)(explaining an EV calculation where a settlement of $7 million would be justified even where theoretical damages not accounting for compounded risk of

9

loss could be up to $1 billion). Accordingly, the Settlement is fair, reasonable, and adequate. (Baishnab Dec. at ¶ 35).

### 1. The individual payments are reasonable and adequate.

The total settlement amount reflects recovery of approximately 100% of unpaid minimum wages, assuming approximately 30% of time spent engaged in tip supporting side work that allegedly should have been paid at the full minimum wage, plus approximately 72.37% liquidated damages, as calculated by Plaintiffs' Counsel. (Baishnab Dec. ¶ 36). Accordingly, and consistent with the opinion of Plaintiffs' Counsel, payments are fair, reasonable, and adequate. (*Id*. at ¶ 35). *See also, Ransom v. Burrows Paper Corp.*, No. 2:20-cv-3824, 2022 U.S. Dist. LEXIS 10638, at *4 (S.D. Ohio Jan. 18, 2022) (finding that a recovery of 42% of alleged unpaid wages is an "excellent result"). Thus, the Settlement results in a substantial recovery and supports the finding that the individual payments are reasonable and adequate.

Each Eligible Settlement Participant will receive a *pro rata* share of the Net Settlement Fund using the formula set forth in the Agreement, based on the number of workweeks each Eligible Settlement Participant worked. (Agreement at ¶ 39). This ensures that each Eligible Settlement Participant is compensated according to their alleged potential damages and is treated equitably in relation to all other Eligible Settlement Participants. The *pro rata* allocations "ensures an equitable distribution of settlement proceeds that is directly tied to the claims of and harm allegedly suffered by the settlement class members and will provide them with a proportionate share of the settlement funds." *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *22 (S.D. Ohio Sep. 25, 2020).

Further, as described in the affidavit of Robi J. Baishnab, the total Settlement amount exceeded the range of expected settlements, according to Plaintiffs' Counsel's risk analysis models. *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987)

(holding that a settlement is fair "if it gives [plaintiffs] the expected value of their claim if it went to trial, net the costs of trial…."); *see also*, *Siddiky v. Union Square Hosp. Grp.*, 2017 U.S. Dist. LEXIS 75301, at *16 (S.D.N.Y. May 17, 2017); *Anderson v. Torrington Co.*, 755 F. Supp. 834, 838 (N.D. Ind. 1991); *Chase v. Viaquest Residential Servs.*, S.D. Ohio No. 22-cv-1974, 2023 U.S. Dist. LEXIS 41416, at *3-4 (Mar. 10, 2023); *Cheikh Fassa, ex rel. Himself & Others Similarly Situated v. Express Inc.*, S.D. Ohio No. 2:21-c:22-cv-v-542, 2022 U.S. Dist. LEXIS 73599, at *4 (Apr. 5, 2022); *Johnson v. Centor, Inc.*, No. 5:19-cv-2622, 2021 U.S. Dist. LEXIS 213003, at *3 (N.D. Ohio Nov. 4, 2021). Accordingly, the Court should find that the Settlement Awards are reasonable and adequate.

### 2. The Service Award is proper and reasonable.

The Agreement provides for a Service Award of **$7,500.00** to Plaintiff in recognition of, and in consideration for, her substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Participants. Courts routinely approve service awards to plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *18, and *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). Service awards are meant to "compensate Plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *7.

Here, Plaintiff provided substantial time and effort in communicating with Plaintiffs' Counsel during the prosecution of the Action and negotiations and negotiations and was available throughout the whole day of mediation. She also put her name on the line, filing a lawsuit on the

11

public docket, and taking a risk of potentially being "black-listed." (Baishnab Dec. at ¶ 39). Defendant agrees this request is reasonable and does not oppose it. (Agreement at ¶33).

### 3. The attorneys' fees to Plaintiffs' Counsel are proper and reasonable.

After the Court has confirmed that the terms of Settlement are fair to the Plaintiffs, it may review the Agreement as to the provision of fees and costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. §216(b).

In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

The Agreement provides a payment of attorneys' fees to Plaintiffs' Counsel in the amount of one-third (1/3) of the total settlement amount, or **$166,666.67**. "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly*, 2020 U.S. Dist. LEXIS 210868, at *28 (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share…." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010). "In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, N.D.

Ohio No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (July 27, 2018); *see also, Osman v. Grube, Inc.*, N.D. Ohio No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, at *6 (May 4, 2018) ("One-third of the common fund is a reasonable attorneys' fee award and has been approved in similar FLSA collective actions in this judicial district.") (Internal citation omitted).

This conclusion was reiterated in *Harsh v. Kalida Mfg.*, N.D. Ohio No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (Sep. 13, 2021). In *Harsh*, the court held that while a court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Further, Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation costs. They not only invested time, but also paid significant expenses up front, including the filing fee, service, and processing of produced data and creation of damages model. They will not be paid for any time during effectuation of the Settlement. (Baishnab Dec. at ¶ 40). "In doing so, Plaintiffs' Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, S.D. Ohio No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (Dec. 3, 2019); *see also, Barnes*, 2019 U.S. Dist. LEXIS 65657,

at *15 ("Class Counsel provided representation on a purely contingency fee basis, advancing all litigation costs and receiving no payment unless [and] until there was a recovery, and should be compensated for that risk"). *See also*, **Exhibit 3** at ¶ 3 (Current party Plaintiffs "understand that Plaintiffs' Counsel took this case on a contingent basis, which means that they covered all the costs so far and took the risk of receiving no compensation and losing all incurred expenses if a favorable result was not achieved.").

Courts in this district acknowledge that "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *16. Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiffs' Counsel for their prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, S.D. Ohio No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters."). An award of one-third (1/3) of the settlement fund is reasonable and still advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig*., 268 F. Supp. 2d at 930; and *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

Defendant agrees this request is reasonable and does not oppose the award of fees. (Agreement at ¶ 44). Accordingly, the Court should approve the requested attorneys' fees.

### 4. The Court should authorize reimbursement of costs.

Plaintiffs' Counsel should also be reimbursed their litigation expenses, which are presently $6,929.98. (Baishnab Dec. at ¶ 40). "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 U.S. Dist. LEXIS 204371 at *20. In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id*.

Expenses include filing fee, service of process, postage, damages model, consultant fees, and mediation fees. (Baishnab Dec. at ¶ 40). Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel. Defendant agrees this request is reasonable and does not oppose the reimbursement of costs. (Agreement at ¶ 44).

### III. **CONCLUSION.**

The Parties submit that this Settlement is a fair, reasonable, and adequate resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties respectfully request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice; (2) approve the requested Service Award; (3) approve Plaintiffs' Counsel's request for attorney fees and expenses; and (4) retain jurisdiction to enforce the Settlement, if necessary.

Respectfully submitted,

| **NILGES DRAHER LLC** | **EPSTEIN BECKER & GREEN, P.C.** |
|---|---|
| */s/Shannon M. Draher* | */s/ James G. Petrie (with permission)* |
| Shannon M. Draher (0074304) | James G. Petrie (0059446) |
| Nilges Draher | *Trial Counsel* |
| 7034 Braucher Street, N.W., Suite B | Jill K. Bigler (0083789) |
| North Canton, Ohio 44720 | 250 West Street, Suite 300 |
| Phone: 330.470.4428 | Columbus, Ohio 43215 |
| Fax: 330.754.1430 | Phone: 614.872.2500 |
| sdraher@ohlaborlaw.com | Fax: 614.633.1713 |
|  | jpetrie@ebglaw.com |
| Robi J. Baishnab (0086195) | jbigler@ebglaw.com |
| 1360 E. 9th St., Suite 808 |  |
| Cleveland, OH 44114 | *Counsel for Defendant* |
| Telephone: (216) 230-2955 |  |
| Facsimile: (330) 754-1430 |  |
| Email: rbaishnab@ohlaborlaw.com |  |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 8, 2024, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            */s/ Shannon M. Draher*
                                            *Counsel for Plaintiffs*