**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDRA HAASE, | : | |
| | : | Case No. 2:23-cv-01316-KAJ |
| Plaintiff, | : | |
| | : | |
| v. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| CAMERON MITCHELL RESTAURANTS, LLC, | : | |
| | : | |
| Defendant. | : | |

**ORDER APPROVING
FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSAL**

Plaintiff Alexandra Haase ("Plaintiff"), on behalf of herself and of the putative collective members, and Defendant Cameron Mitchell Restaurants, LLC ("Defendant") (collectively, the "Parties") have filed a motion (Doc. 51) asking that the Court approve: (a) settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and Article II Section 34a of the Ohio Constitution; (b) the requested Service Award (as defined and outlined in the Joint Stipulation of Settlement and Release (the "Agreement"), a copy of which was attached as Exhibit 1 to the Parties' Joint Motion for FLSA Settlement Approval ("Joint Motion")); and (c) Plaintiffs' Counsel's requested fees and expenses (as defined and outlined in the Agreement).

Having reviewed the Agreement, as well as the Parties' Joint Motion, the declarations attached to the Joint Motion, and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, the Court hereby **APPROVES** settlement of the FLSA claims as provided in the Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. On April 14, 2023, Plaintiff, on behalf of herself and others similarly situated, filed her original Complaint in this Court, asserting collective and class claims for unpaid minimum wages under the FLSA and the Ohio Constitution. Specifically, Plaintiff alleged that she and others similarly situated were not paid for certain time spent performing non-tip producing "side work," which allegedly resulted in violations of the FLSA and Ohio law. Plaintiff filed an Amended Complaint on June 9, 2023.

3. On July 7, 2023, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. The Court denied Defendant's Motion to Dismiss on January 2, 2024. Defendant filed its Answer to Plaintiff's Amended Complaint on January 16, 2024, denying all liability. The Parties requested that the Court stay the Action pending mediation, which the Court granted on February 26, 2024.

4. The Parties mediated this case on June 12, 2024, with an independent third-party mediator. That mediation resulted in an agreement to settle this matter. Before the Court now is the Parties' Joint Motion.

5. Settlement of FLSA claims is subject to approval by the Court.

6. The Agreement provides for class-wide settlement, notice to Eligible Settlement Participants, and settlement administration and distribution to Opt-In Party Plaintiffs as outlined in the Parties' Joint Motion and the Agreement, along with its Exhibits A and B.

7. The Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims, with the assistance of an independent third-party mediator.

8. Plaintiffs' Counsel performed a calculated expected value, and the total settlement amount exceeded the range of calculated expected value, according to Plaintiffs' Counsel's risk

analysis models. Judge Posner writing for a Seventh Circuit panel concluded that an EV is the proper method for determining the fairness of a class settlement: "A settlement is fair to the plaintiffs in a substantive sense…if it gives them the expected value of their claim if it went to trial…." *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (explaining an EV calculation where a settlement of $7 million or more would be justified even where theoretical damages not accounting for compounded risk of loss could be up to $1 billion).

9. The Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), along with dismissal of the FLSA claims and dismissal of the claims brought under Ohio law as outlined in the Agreement.

10. The Court approves the content, form, and distribution of the Notice of Settlement and Claim Form to all Eligible Settlement Participants as attached to and outlined in the Agreement.

11. The Court approves the Service Award for Plaintiff in recognition of her services in this Action and as consideration for a general release of claims, as provided in the Agreement.

12. The Court approves the payment of Plaintiff's Counsel's attorneys' fees and costs as provided in the Agreement. Plaintiff's Counsel has significant experience litigating wage and hour cases, and fees of one-third of common funds are typical for FLSA collective actions in this District.

13. The Court orders that payments from the Global Settlement Fund, including Plaintiff's Service Award, Plaintiff's Counsel's attorneys' fees and costs, and distributions to Opt-In Party Plaintiffs, be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

14. The Court dismisses, with prejudice, the claims of the Plaintiff, individually and on behalf of the Opt-In Party Plaintiffs, as provided in the Agreement. As set forth in the Agreement, Plaintiff and Opt-In Party Plaintiffs release all Released Claims against the Released Persons during the Released Period.

15. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

16. The Court retains jurisdiction over the Action to enforce the terms of the Agreement.

IT IS SO ORDERED.

Date:  August 9, 2024 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE